UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| FRANCIS BRAUNER | CIVIL ACTION |
| VERSUS | NO. 14-1966 |
| BURL CAIN, WARDEN | SECTION "A"(4) |

**O R D E R**

The Court has considered the Supplemental Report and Recommendation (Rec. Doc. 29) of the United States Magistrate Judge, and the Objection (Rec. Doc. 30) to the magistrate judge's Supplemental Report and Recommendation. The sole issue before the Court at this juncture is whether the habeas petition is time-barred.

On March 18, 2015, the Court re-referred Petitioner's application to the assigned magistrate judge for a supplemental evaluation of the timeliness issue. (Rec. Doc. 22). The Court's concerns were grounded on the undisputed fact that the state criminal court lost portions of Petitioner's state criminal record during Hurricane Katrina in 2005, and that other evidence in the record suggested that one of the items lost was a pre-Katrina post-conviction application that would have triggered statutory tolling at least for some period of time. (Rec. Doc. 22). In the Supplemental Report the magistrate judge reevaluated the timeliness question based on the assumption that Petitioner had filed a now-misplaced state post-conviction application on June 9, 2005. The magistrate judge concluded that even with the June 2005 filing, the federal habeas petition would nonetheless be time-barred. The magistrate judge explained that under the new analysis, 293 days had elapsed between August 19, 2004 and June 9, 2005 (the period of time between finality of the sentence and the filing of the [misplaced] pre-Katrina post-conviction application), and nearly 11 months had elapsed between September 27, 2013 and August 25, 2014 (the period of time between the Louisiana Supreme Court's final action on the post-conviction application and the filing of the federal habeas petition). In explaining the period of the

elapsed 293 days in 2004-05, the magistrate judge specifically observed that Petitioner's conviction/sentence became final on August 19, 2004, because he did not seek reconsideration of the sentence or file an appeal from the last sentence imposed. (Rec. Doc. 29 at 3).

With his Objection Petitioner has produced for the first time a motion for reconsideration of sentence that he contends was filed on August 17, 2004 (Rec. Doc. 30 Exh. 13), prior to the date that his sentence became final. According to Petitioner, this motion has never been addressed by the state court and therefore has remained pending throughout the post-conviction process to effect statutory tolling of his federal filing deadline.

The Court will credit Petitioner's contention regarding the filing of this document in light of the State's inability to locate the criminal record for the pertinent time period. The Court does not agree, however, that Petitioner is entitled to the presumption that the August 17, 2004 motion to reconsider sentence has been "pending" since it was filed in 2004. In the Supplemental Recommendation the magistrate judge refers to a clarification order entered by the state criminal court on November 19, 2004. (Rec. Doc. 29 at 3 n.8). A copy of that order is not in the state record but the state docket master describes the entry as an order of the court clarifying the sentence. (St. Rec. Vol. 1 of 9). Petitioner's August 17, 2004 motion pointed out that the court had not assigned reasons for the sentence imposed and asked the court to do so in addition to resentencing Petitioner. This Court finds it highly unlikely that the state court would have issued an order clarifying a sentence in a criminal case that it had closed four months earlier following the sentencing unless the order was done in response to Petitioner's August 17, 2004 motion. Thus, while the Court is persuaded that Petitioner is entitled to the presumption that his conviction/sentence became final at some point after the August 17, 2004 date that the Court has heretofore been using, the Court is also persuaded that December 20, 2004 was the date that the conviction/sentence became final—30 days after the state court entered the

order clarifying the sentence. But because Petitioner allowed about 11 months to elapse between September 27, 2013 and August 25, 2014 (see explanation above), even with the benefit of an additional 4 months insinuated into the magistrate judge's calculation, Petitioner's federal habeas application is still untimely by at least 4 months.[1]

Petitioner also argues for equitable tolling in light of the state-created impediments that he faced in trying to get his personal property (including legal files) returned to him after he transferred facilities due to a serious medical condition. The record does support Petitioner's contention regarding the difficulties that he encountered with his property but the Court is not persuaded that these difficulties account for all of the significant time delays that ultimately lead to the federal application being time-barred. Under the magistrate judge's revised time-line Petitioner is already receiving statutory tolling from June 9, 2005 through September 27, 2013, and this expanse of time encompasses the period when Petitioner had difficulties getting access to his property.

Accordingly;

**IT IS ORDERED** that Francis Brauner's petition for issuance of a writ of habeas corpus filed pursuant to 28 U.S.C. § 2254 is **DENIED** and **DISMISSED WITH PREJUDICE** as time-barred.

July 29, 2015

_____
UNITED STATES DISTRICT JUDGE

---

[1] According to the Court's calculation, the AEDPA one-year filing deadline expired on or about April 9, 2014.